# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KANTHAL CORPORATION,

  Plaintiff,

vs.               Case No. 3:24-cv-230-MMH-LLL

CUSTOM WIRE PRODUCTS, LLC,
and COREY LATHAM,

  Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on two motions. In the first filing, Plaintiff Kanthal Corporation and Defendant Corey Latham request "the entry of both Permanent and Temporary Injunctive Orders consistent with the terms" proposed in the motion. See Permanent and Temporary Injunctive Relief Requested (Doc. 67; Latham Motion), filed September 5, 2025. In the second filing, Plaintiff Kanthal Corporation and Defendant Custom Wire Products, LLC request the same relief, albeit with slightly different terms. See Permanent and Temporary Injunctive Relief Requested (Doc. 68; CWP Motion), filed September 5, 2025. The Court construes these filings as motions for the entry of consent injunctions. The parties represent to the Court that Kanthal and each Defendant have reached an agreement to resolve the claims raised in this case. See Latham Motion at 1; CWP Motion at 1. As set forth in the

Motions, the agreement includes the entry of proposed injunctive relief. However, upon review, the Court finds that modifications to the requested injunctive relief are necessary.

Requests for injunctive relief in federal court are governed by Rule 65 of the Federal Rules of Civil Procedure (Rule(s)).  Of significance here, Rule 65(d)(2) delineates who is bound by an injunction.  Specifically, Rule 65(d)(2) provides that:

> The order binds only the following <u>who receive actual notice of it</u> by personal service or otherwise:
>
> (A)  the parties;
> (B)  the parties' officers, agents, servants, employees, and attorneys; and
> (C)  other persons <u>who are in active concert or participation</u> with anyone described in Rule 65(d)(2)(A) or (B).

<u>See</u> Rule 65(d)(2) (emphasis added).

In the Latham Motion, and particularly in the CWP Motion, the parties identify myriad persons or entities who are to be bound by the Court's injunction. <u>See</u> Latham Motion at 2; CWP Motion at 2.  However, to the extent the parties request the entry of an injunction binding entities or persons outside the scope of Rule 65(d)(2)(A) and (B), such persons or entities will be bound only insofar as they are "in active concert or participation" with a person who falls within subsections (A) or (B).  <u>See</u> <u>Regal Knitwear Co. v. N.L.R.B.</u>, 324 U.S. 9, 12-14 (1945) ("The term 'successors and assigns' in an enforcement order of

course may not enlarge its scope beyond that defined by the Federal Rules of Civil Procedure."). And regardless, only persons who receive actual notice of the order will be bound by it. Thus, to ensure that any injunction entered by the Court accurately reflects those persons who are bound by its directives, the Court will require the parties to modify the language in these paragraphs to be consistent with Rule 65(d)(2).

In addition, the Court observes that the parties divide the proposed consent injunctions into two parts—one described as "Temporary Injunctive Relief" and the other "Permanent Injunctive Relief." See Latham Motion at 2-3; CWP Motion at 3. The parties agree that the "Temporary Injunctive Relief" is to bind Defendants for four years, while the "Permanent Injunctive Relief" has no limit on its duration.[1] Upon review, the Court is satisfied that the

---

[1] The parties' terminology requires clarification. The Federal Rules of Civil Procedure "distinguish among temporary restraining orders, preliminary injunctions, and permanent injunctions." See Developments in the Law - Types of Injunctions, 78 Harv. L. Rev. 1055, 1055 (1965) (footnotes omitted); see also Rule 65. Generally, these forms of injunctive relief are distinguished based on the procedural posture in which they are issued. Types of Injunctions, supra at 1055. "The temporary restraining order is generally granted upon an ex parte request to the court; the preliminary injunction, at a curtailed hearing in which the use of affidavits is common, and the permanent injunction, after a full trial on the merits." Id. (footnotes omitted). These forms of injunctive relief also differ in their duration. "A temporary restraining order is limited in time and is self-dissolving at the expiration of the term fixed . . . ." Id. Indeed, Rule 65(b)(2) generally limits the duration of a temporary restraining order to fourteen days. In contrast, "a preliminary injunction is intended to last until a trial on the merits unless dissolved earlier by the court or the consent of the parties." Types of Injunctions, supra at 1055. And the duration of a permanent injunction, while "theoretically unlimited," is often "controlled by the nature of the situation it is designed to correct." Id. Thus, despite the labels used by the parties, both the proposed permanent injunction and the proposed four-year "temporary injunctive relief" would constitute permanent injunctions as they would issue as a form of final relief in this case. However, the classification of these injunctions as permanent does not mean that their terms must or should extend indefinitely.

proposed four-year term of the "Temporary Injunctive Relief" is appropriate. But the Court is not inclined to enforce the proposed "Permanent Injunctive Relief" into perpetuity and the parties have provided no justification for such enduring relief. As such, the parties must revise their proposed permanent injunctions to include a provision limiting the duration of the injunctive relief to a reasonable timeframe as appropriate under the facts of this case. In light of the foregoing, it is

**ORDERED:**

1. The motions titled "Permanent and Temporary Injunctive Relief Requested" (Docs. 67-68) are **DENIED, without prejudice**, to filing renewed motions for entry of consent injunctions which comply with the requirements of this Order.

2. The parties shall have up to and including **December 5, 2025**, to file the renewed motions.

3. Simultaneously with the filing of any renewed motions, the parties shall submit a Word version of the proposed consent injunctions to the undersigned's chambers email.

**DONE AND ORDERED** in Jacksonville, Florida on November 14, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record