**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KANTHAL CORPORATION,

      Plaintiff,

vs.                              Case No. 3:24-cv-230-MMH-LLL

CUSTOM WIRE PRODUCTS, LLC,
and COREY LATHAM,

      Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on two renewed motions. In the first renewed motion, Plaintiff, Kanthal Corporation (Kanthal), and Defendant Corey Latham request "the entry of both Permanent and Temporary Injunctive Orders consistent with the terms" proposed in the motion. See Renewed Permanent and Temporary Injunctive Relief Requested (Doc. 72; Latham Motion), filed December 12, 2025, at 1. In the second renewed motion, Kanthal and Defendant Custom Wire Products, LLC (CWP), request the same relief, albeit with slightly different terms. See Renewed Permanent and Temporary Injunctive Relief Requested (Doc. 73; CWP Motion), filed December 12, 2025. Upon review, the Court finds that modifications to the requested injunctive relief are necessary.

The motions are the parties' second attempts to have the Court approve and enter permanent injunctions. See Permanent and Temporary Injunctive Relief Requested (Doc. 67; First Latham Motion), filed September 5, 2025; Permanent and Temporary Injunctive Relief Requested (Doc. 68; First CWP Motion), filed September 5, 2025. The Court denied the parties' first requests without prejudice for two reasons. See Order (Doc. 69; First Order), entered November 14, 2025, at 2–4. First, the parties sought to bind people outside the scope of Rule 65(d)(2), Federal Rules of Civil Procedure (Rule(s)). Id. at 2–3. Second, the parties asked the Court to enforce one element of the injunction in perpetuity. Id. at 3–4. The renewed motions are improvements over the parties' initial filings, but the CWP Motion is still deficient for the same two reasons outlined in the First Order, and the Latham Motion is still deficient in how the parties define the duration of the proposed injunction. In addition, the parties include liquidated damages provisions but fail to explain why these provisions are reasonable and enforceable.

First, despite the Court's direction in the First Order to modify the language describing who will be bound by the consent decrees to conform with Rule 65(d)(2), CWP and Kanthal fail to properly describe who will be bound by their proposed injunction. CWP and Kanthal do not specify that the proposed injunction binds only those with actual notice of the Court's order. See CWP Motion at 2. And CWP and Kanthal propose that the injunction bind "Jeffrey

Lawrence, of CWP." Id.[1] But Lawrence is not a party to this action and can only be bound by a permanent injunction to the extent he meets the requirements of Rule 65(d)(2). See United States v. Robinson, 83 F.4th 868, 878–86 (11th Cir. 2023) (holding that an injunction did not bind the defendant's former employee after the defendant ceased operations and the employee began working for a related entity). When drafting their second renewed motion, CWP and Kanthal must ensure that their proposed injunction binds only those parties permitted under Rule 65(d)(2).

Second, the parties propose that the injunctions preventing CWP and Latham from using and retaining Kanthal's trade secrets remain in effect "until such time that Kanthal's Trade Secrets enter the public domain." See Latham Motion at 3; CWP Motion at 2–3. This proposed duration is indefinite and unworkable. When drafting their second renewed motions, the parties must propose a definite, readily determinable duration of no longer than 15 years.

Third, the parties include liquidated damages provisions. See Latham Motion at 5; CWP Motion at 5. But they do not explain the appropriateness of these provisions. See generally Latham Motion; CWP Motion. If the parties wish to include these or similar provisions in their second renewed motions, they must include memoranda of law supporting the requests. See, e.g.,

---

[1] In the Amended Complaint, Kanthal alleges that Lawrence is the principal of CWP and that Latham disclosed Kanthal's Trade Secrets to him. See, e.g., Amended Complaint ¶ 49.

Circuitronix, LLC v. Kinwong Elect. (H.K.) Co., 993 F.3d 1299, 1306 (11th Cir. 2021) (setting forth the standard for the enforceability of a contractual liquidated damages provision under Florida law). If the parties propose liquidated damages as nonexclusive remedies, they must also specifically address authority holding that nonexclusive liquidated damages clauses are unenforceable penalties. See, e.g., MCA Television Ltd. v. Pub. Int. Corp., 171 F.3d 1265, 1272 (11th Cir. 1999) ("Florida courts have consistently recognized as a penalty a stipulated damages provision that allows the non-breaching party a choice of options in the event of a breach.").

Finally, in the First Order, the Court directed the parties to "submit a Word version of the proposed consent injunctions to the undersigned's chambers email." See First Order at 4. The parties submitted Word versions of their motions, but did not submit Word versions of the proposed consent injunctions. The parties should ensure that they comply with all of the Court's directives when making future filings. Consent injunctions are orders, not motions, and should be drafted as such.

Accordingly, it is

**ORDERED:**

1. The motions titled "Renewed Permanent and Temporary Injunctive Relief Requested" (Docs. 72 & 73) are **DENIED without**

**prejudice** to filing second renewed motions for entry of consent injunctions which comply with the requirements of this Order.

2.    The parties shall have up to and including **July 6, 2026**, to file the renewed motions.

3.    Simultaneously with the filing of any renewed motions, the parties shall submit a Word version of the **proposed consent injunctions** to the undersigned's chambers email.

**DONE AND ORDERED** in Jacksonville, Florida on June 15, 2026.


**MARCIA MORALES HOWARD**
United States District Judge



lc33

Copies to:

Counsel of Record